IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | |
| § | CASE NUMBER 6:21-CR-00060-JCB-JDL |
| CASEY PIBURN, § | |
| § | |
| Defendant. § | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On August 30, 2021, the court conducted a Supervised Release revocation hearing to consider the government's petition to revoke the supervised release of Defendant Casey Piburn. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matthew Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine, a Class B felony, and Unlawful user of a Controlled substance in Possession of Firearms, a Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 27 and a criminal history category of V, was 120 to 150 months. On June 30, 2015, District Judge Scott W. Skavdahl of the District of Wyoming sentenced Defendant to 78 months imprisonment followed by a term of supervised release of 4 years as to Count 1 and 3 years as to Count 4 to be served concurrently, subject to the standard conditions of release, plus special conditions to include: drug testing and treatment, refrain from any use or possession of alcohol and/or other intoxicants and shall not enter establishments whose primary income is derived from the sale of alcohol, search condition, and cognitive behavior treatment. On July 29, 2020, Defendant completed his term of imprisonment and began his term of supervised

release. On August 6, 2021, jurisdiction of this matter was transferred to the Eastern District of Texas.

Under the terms of supervised release, Defendant was required to notify the United States Probation Officer within 72 hours of being arrested or questioned by a law enforcement officer. In Allegation 3 of its petition, the government alleges Defendant violated the conditions of his supervised release when he had contact with the Big Sandy Police Department on August 1, 2021 and failed to notify his probation officer of this contact within 72 hours. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by failing to notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.1(a). Considering Defendant's criminal history category of V, the Guideline imprisonment range for a Grade C violation is 7 to 13 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 3 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 12 months and one day imprisonment, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Casey Piburn's plea of true be accepted and he be sentenced to a term of 12 months and one day imprisonment, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, or Seagoville, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 30th day of August, 2021.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE